■ GLASCO GUN CLUB, INC., Respondent, v. LOUIS P. FRANCELLO, Defendant, and FRANK J. NACCARATO et al., Appellants.— Appeal from an order of the Supreme Court at Special Term, entered September 15, 1972 in Ulster County, which granted plaintiff's motion for summary judgment and directed defendants to specifically perform a contract for the sale of real property. In March of 1967 defendants who were members of the plaintiff Club purchased

real property in their names and thereafter entered into an agreement with plaintiff for the purchase of same. By this agreement plaintiff was given the privilege of paying the unpaid balance of principal at any time on certain conditions, one of which was that plaintiff should make all necessary repairs in order to maintain and preserve the property. In July of 1972, when plaintiff tendered the unpaid balance under the agreement, defendants refused to deliver a deed maintaining that since the plaintiff failed to keep the premises in good repair, it had failed to comply with a condition precedent to its right to exercise its prepayment option. Plaintiff thereupon instituted this action for specific performance and Special Term granted its motion for summary judgment. On this appeal appellants (three of the defendants) argue that the agreement was not an installment sale contract, but an option which plaintiff could not exercise because of its failure to perform a condition precedent. With this contention we do not agree. Initially, if plaintiff failed to perform a condition precedent, it makes no difference whether the agreement was an installment contract or an option. Furthermore, regardless of whether the agreement to keep the premises in good repair constituted a condition precedent or a covenant, the requirement of maintaining the premises was obviously meant only as security for defendants during the execution of the contract. Thus, once plaintiff proffered the required amount of cash, whether or not the property was in good repair became irrelevant. In any event, defendants were not aggrieved by the failure of plaintiff to maintain the property since they were getting exactly what they bargained for, i.e., the exchange of a sum of money for a deed to the premises, in whatever condition they may be. We find no triable issue of fact and conclude that Special Term properly directed summary judgment for the plaintiff. Order affirmed, with costs. Staley, Jr., J. P., Greenblott, Sweeney, Kane and Main, JJ., concur.